


FILED
Sep 15, 2021
12:25 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| John Washington | ) | Docket No.   2017-08-1205 |
| | ) | |
| v. | ) | State File No.  69226-2017 |
| | ) | |
| UPS Ground Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Certified as Final

---

This appeal arises from the trial court's dismissal of the employee's second petition for benefit determination after concluding his claim was barred by the doctrine of res judicata. The employee sustained a compensable injury to his head and filed a petition for benefits on October 30, 2017. Following a lengthy procedural history, the trial court issued a compensation order in December 2020 addressing medical, temporary, and permanent disability benefits. Neither party appealed that order. Approximately three months later, the employee filed an "amended" petition for benefits listing the same date of injury and the same issues addressed in the prior case. After a review of the record, the trial court concluded that the employee raised the same issues that were previously identified in the October 2017 petition and that were adjudicated in the previous litigation and addressed in the December 2020 compensation order. As a result, the court dismissed the employee's most recent petition with prejudice. The employee has appealed. In response, the employer has asked that we deem the employee's appeal frivolous and that it be awarded appropriate damages. We affirm the trial court's order, deem the appeal frivolous, and exercise our discretion to decline to award fees.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

John Washington, Sardis, Mississippi, employee-appellant, pro se

Kyle I. Cannon, Memphis, Tennessee, for the employer-appellee, UPS Ground Freight, Inc.

1

**Memorandum Opinion[1]**

On September 7, 2017, John Washington ("Employee") sustained injuries after being struck on the head by a metal bar while loading a trailer in the course of his employment with UPS Ground Freight, Inc. ("Employer"). The claim was accepted as compensable, and Employer authorized workers' compensation benefits. Following a dispute related to medical benefits, Employee filed a petition for benefit determination on October 30, 2017, seeking certain medical and temporary disability benefits. After an unsuccessful mediation, a Dispute Certification Notice ("DCN") was issued identifying medical and temporary disability benefits as disputed issues. Following an expedited hearing, multiple motions, and two appeals, the DCN was amended to add compensability of the claim and Employee's entitlement to permanent disability benefits as disputed issues. The parties subsequently agreed to request the trial court to issue a compensation order based on its review of the record.

On December 1, 2020, the trial court issued a compensation order that addressed all of the issues in the case. The court determined Employee was not entitled to past medical expenses or temporary or permanent disability benefits but concluded Employer was responsible for future medical treatment related to a "mild concussion" arising from the September 7, 2017 work incident. The order was not appealed and became final thirty days after it was filed.

Approximately three months later, Employee filed what he titled an "amended" petition for benefit determination, identifying the same date of injury and the same disputed issues listed in the 2017 petition. Following unsuccessful mediation of the claim, a new DCN was issued listing compensability, medical benefits, temporary total disability benefits, and permanent disability benefits as disputed issues. The DCN also listed res judicata as an affirmative defense raised by Employer. On May 21, 2021, in a decision on the record, the trial court dismissed Employee's March 18, 2021 petition for benefit determination with prejudice after concluding the filing was barred under the doctrine of res judicata. Employee has appealed. In response, Employer has asked that we deem Employee's appeal frivolous and award appropriate damages.

Employee has raised multiple issues on appeal, the first of which is dispositive and which we have restated as whether the trial court erred by "granting [E]mployer relief" based upon the doctrine of res judicata. Because we conclude the trial court did not err in dismissing the petition, all other issues raised by Employee are pretermitted.

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

We first note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

The doctrine of res judicata "bars a second suit between the same parties . . . on the same cause of action with respect to all the issues which were or could have been litigated in the former suit." *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003). Parties asserting a res judicata defense must demonstrate that: (1) a court of competent jurisdiction rendered a prior judgment; (2) the prior judgment was final and on the merits; (3) both claims involved the same parties; and (4) both claims involved the same cause of action. *Id.*

Here, Employee filed a claim for workers' compensation benefits against Employer for injuries sustained in a work accident on September 7, 2017. On December 1, 2020, the Court of Workers' Compensation Claims, which had exclusive jurisdiction over Employee's workers' compensation claim, *see* Tennessee Code Annotated section 50-6-237 (2020), rendered a decision addressing all issues in dispute, including permanent disability benefits and future medical treatment. Employee's claim was adjudicated on its merits, and the December 2020 compensation order conclusively resolved all claims under Tennessee's Workers' Compensation Law arising from Employee's September 7, 2017 work injury. Neither party appealed, and the order became final thirty days later. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). Employee's second petition for benefit determination, filed more than 60 days after the court's compensation order became final, identified the same parties, the same date of injury, and the same requests for relief as the October 2017 petition.

The trial court reviewed the assertions contained in both of Employee's petitions, reviewed filings submitted after the second petition, and considered the entire record before concluding "the second petition filed on March 18, 2021, states the same cause of action previously adjudicated in the Compensation Order of December 1, 2021, and is barred by res judicata." After a careful review of the record, we are unable to discern any error by the trial court.

3

Employer has requested that it be awarded attorneys' fees for what it asserts is a frivolous appeal. Employer contends Employee's brief is "completely devoid" of citation to any evidence or any rule of law that supports a basis upon which relief could be granted or benefits awarded pursuant to his second petition. In addition, Employer asserts that while Employee's brief includes cases addressing the doctrine of res judicata, he "makes absolutely no effort and no argument as to how those cases apply to the present case or how they entitle Employee to relief from the dismissal of his [petition] pursuant to the doctrine of res judicata." Employer argues that Employee's "multitude of filings" and the history of this claim indicate Employer "will continue to incur damages unless and until [] Employee is sanctioned for his conduct."

As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (citations omitted). We conclude Employee's appeal is devoid of merit and is frivolous. However, in considering the totality of the circumstances, we exercise our discretion not to award attorneys' fees or other expenses for Employee's frivolous appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2020).

For the foregoing reasons, the trial court's May 21, 2021 order dismissing Employee's claim on the basis of res judicata is affirmed and certified as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John Washington | ) | Docket No.  2017-08-1205 |
| | ) | |
| v. | ) | State File No.  69226-2017 |
| | ) | |
| UPS Ground Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of September, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| John Washington | | | | X | washingtonjohn73@gmail.com |
| Kyle I. Cannon | | | | X | kcannon@gwtclaw.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov